IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL WILLIAM NORRIS,**

    **Plaintiff,**

    v.                           CASE NO. 18-3029-SAC

**ROGER SOLDAN, et al.,**

    **Defendants.**

### ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is detained at the Saline County Jail in Salina, Kansas. Plaintiff notified the Court on February 9, 2018, that the institution failed to provide him with a form for filing an in forma pauperis motion and his financial records. (Doc. 2.) On February 27, 2018, the Court notified Plaintiff that his Complaint was deficient for failure to pay the filing fee or to file a motion to proceed without prepayment of fees. (Doc. 3.) Forms for filing a motion to proceed without prepayment of fees were included with the notice. On April 25, 2018, the Court entered an Order (Doc. 4) directing Plaintiff to submit the required in forma pauperis motion and affidavit by May 11, 2018. The Order provided that "[f]ailure to submit the motion and affidavit by this deadline may result in dismissal of this action without further notice." Plaintiff has failed to submit the motion and affidavit by the deadline set forth in the Court's Order.

The Court mailed the Order to Plaintiff on April 25, 2018, at his current address of record with the Court. The mail was returned undeliverable, indicating Plaintiff was no longer there. (Doc. 5.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3).

Plaintiff has failed to provide the Court with a Notice of Change of Address and failed to file a response to Court's Order within the allowed time.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to respond to the Court's Order has passed without a response from Plaintiff. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated this 15th day of May, 2018, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**